IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:21-mj-00446-scy |
| | ) | |
| SHAWN BRADLEY WITZEMANN, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION OPPOSING RECOMMENDED CONDITIONS OF RELEASE

Defendant Shawn Bradley Witzemann, by and through his counsel of record, Todd J. Bullion, hereby submits this motion in support of his opposition to certain conditions of release recommended in the Pretrial Services Report. [Doc 10]:

1. Mr. Witzemann is charged Knowingly Entering or Remaining in any Restricted Building or Grounds Without Lawful Authority, Disorderly Conduct in a Restricted Building or Grounds, Violent Entry and Disorderly Conduct on Capitol Grounds, and Parading, Demonstrating, or Picketing in a Capitol Building. [Doc. 1].

## FACTUAL BACKGROUND

1) Mr. Witzemann is a free lance journalist. He specializes in covering certain areas of public concern. Mr.Witzemann was interviewed by Special Agent Lance Roundy on January 15, 2021 wherein Mr. Witzemann discussed in part his journalistic endeavors. [Doc. 1]

2) Mr. Witzemann thought that the events of January 6, 2021 would be newsworthy and he was proven correct – coverage of the events of January 6, 2021 dominated national news for days.

3) Mr. Witzemann did not participate in, condone or encourage any violent or seditious acts on January 6, 2021. In Special Agent Roundy's affidavit no such acts are specifically alleged to have been committed by Mr. Witzemann. [Doc. 1]

4) Mr. Witzemann continued to cooperate with the FBI after his interview by sending video files he had taken during January 6, 2021 to the FBI. [Doc. 1]

5) The Pretrial Services Report recommends several conditions that Mr. Witzemann objects to. First, the proposed restriction that he avoid all contact whether directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution.

6) Mr. Witzemann objects to this condition primarily on the grounds that it impairs his ability to act as a journalist and impairs his first amendment rights to association, freedom of speech, freedom of the press and right to peaceably assemble. Mr. Witzemann has a nightly news show satirically titled the Armenian Council for Truth in Journalism. It is highly probable that he would host as a guest persons who may be construed as witnesses or victims under a broad interpretation of those terms. While Mr. Witzeman would certainly not intiate contact with say, a capital policeman, he may want to interview an elected official of New Mexico who could be construed as a victim of the crimes Mr. Witzeman is charged with committing.

7) Second, the proposed restriction which restricts Mr. Witzemann's travel which prohibits him from leaving San Juan County, New Mexico unless he is traveling to Washington D.C. for court purposes.

8) The bulk of Mr. Witzemann's time as a journalist is spent outside of San Juan County New Mexico. Mr. Witzemann is also scheduled to attend a New Mexico Republican Conferenec in Amarillo Texas. Mr. Witzemann raises the same 1st amendment objections as he does to the previous proposed restriction.

9) Mr. Witzemann also works as a plumber. He frequently travels outside of San Juan County to do plumbing work. He has several contracts plumbing jobs in Colorado. Mr. Witzemann objects to the travel restriction as it impairs his ability to earn a living and provide for his children.

10) Third, Mr. Witzemann objects to the proposed prohibition against the use of alcohol. There is no indicia whatsoever that alcohol consumption played any part in the commission of the crimes Mr. Witzemann is charged with committing. Mr. Witzemann does enjoy winding down a long day with a alcoholic beverage and wishes to continue to be able to do this pending trial in this matter.

## ARGUMENT

"District courts have broad discretion to prescribe special conditions of release. *See, e.g., United States v. Hanrahan,* 508 F.3d 962, 970 (10th Cir.2007). However, this discretion is not without limits. For instance, the conditions imposed "must satisfy the three statutory requirements laid out in 18 U.S.C. § 3583(d)." *See Hahn,* 551 F.3d at 983. First, they must be reasonably related to at least one of following: the nature and circumstances of the offense, the defendant's history and characteristics, the deterrence of criminal conduct, the protection of the public from further crimes of the defendant, and the defendant's educational, vocational, medical, or other correctional needs. *See id.* at 983–84; 18 U.S.C. § 3583(d)(1). Second, they must involve no greater deprivation of liberty than is reasonably necessary to achieve the purpose of deterring

criminal activity, protecting the public, and promoting the defendant's rehabilitation. *See* 18 U.S.C. § 3583(d)(2). Third, they must be consistent with any pertinent policy statements issued by the Sentencing Commission. *See id.* at § 3583(d)(3)." United States v. Mike, 632 F.3d 686, 692 (10th Cir. 2011)

The conditions Mr. Witzemann has objected to are inconsistent with the 10th Circuit Court's ruling in *Mike*. The restrictions are not reasonably related to the charged offense. Mr. Witzemann is a journalist, has done nothing wrong, and the proposed restrictions severely impair his ability to continue to act as a journalist and impede on several of his first amendment rights. See attached letter from former Congressional Candidate Brett Kokinadis attached as **Defendant's Exhibit A**. See attached letter from Heather Lamprecht attached as **Defendant's Exhibit B**.

While Mr. Witzemann does have previous criminal charges in State Court the most recent alleged criminal activity allegedly occurred in 2012 and resulted in a dismissal. The instant offenses also bear no rational relation to Mr. Witzemann's criminal history in New Mexico. If the Court is concerned about deterring potentially criminal conduct similar to the conduct alleged in Doc. 1 the prohibition that Mr. Witzemann not travel to Washington D.C. unless for court is in of itself an adequate protection – there is no rational reason to restrict his movements to San Juan County New Mexico at all other times.

WHEREFORE, Defendant respectfully requests that the Court not impose the aforementioned supervised release conditions.

                                                 Respectfully submitted

                                                 */s/ Todd J. Bullion*
                                                 Todd J. Bullion
                                                 Law Office of Todd J. Bullion
                                                 300 Central Avenue SW
                                                 Suite #1000E
                                                 Albuquerque, NM 87102

(505) 452-7674
todd@bullionlaw.com

I hereby certify that a true and correct copy
of the foregoing was electronically submitted
this 9th day of April, 2021 to:

Jack Burkhead
Assistant United States Attorney


/s/ Todd J. Bullion
Todd J. Bullion